IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGENIA F. SINGLETON,**

    **Plaintiff,**

    **v.**

**CONVERGYS CORPORATION,**

    **Defendant.**

Case No. 16-2614-DDC-GLR

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

The matter before the Court is on Plaintiff's Motion to Proceed In Forma Pauperis (ECF 3). Plaintiff's motion includes an affidavit (ECF 3-1) showing that she is unemployed and has no spouse or dependents. Plaintiff has $3.20 in her bank account, owns a 2006 Volvo S80 worth $2,500 (but owes $2,800 on it), and she has received $26,120 in unemployment and Social Security benefits. Her monthly expenses total $1,637. Based on these facts the Court grants Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). As a result, her Complaint is subject to screening under 28 U.S.C.

§ 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a claim on which relief may be granted.

## SCREENING

Plaintiff, proceeding pro se, alleges her former employer, Defendant Convergys Corporation, discriminated against her based on her race, gender, age, and religion. Additionally, she asserts a claim of defamation.

**A. Factual Allegations**

The following facts have been taken from Plaintiff's Complaint (ECF 1) and her attachment (ECF 1-1).[1]  Plaintiff, an African-American woman, began employment with Defendant on October 31, 2011 as a Customer Service Representative and eventually became an Operations Manager. At some point in some capacity, she worked for Defendant in Denver, Colorado. Between about July 2014 and March 2015, Plaintiff applied for three lateral position (Operations Manager) openings in Olathe, Kansas. In July 2014, Defendant instead promoted a younger, white male to the position ("July Opening"). In August 2014, Defendant promoted a younger, bi-racial female to the position ("August Opening"). The Site Director in Olathe made both of these decisions. In March 2015, Plaintiff again applied for the position ("March Opening"). At some point during March 2015, Defendant transferred Plaintiff to Olathe as an Operations Manager.[2]  A Vice President located in Ohio made this decision.

---

[1] The District of Kansas' form complaint for employment discrimination directs plaintiffs to attach a copy of the EEOC's Notice of Right-to-Sue Letter to the complaint. (ECF 1 at 2, ¶6.) In this case, Plaintiff attached that letter as well as some other documents. Given the Court's duty to liberally construe pleadings filed by a party proceeding pro se, the Court will consider factual allegations whether in the form complaint or the included attachments.

[2] It is unclear whether Defendant's placement was in response to, or independent of, Plaintiff's application to the March Opening. In other words, the Court cannot tell whether Plaintiff is alleging a third instance of Defendant's failure to hire.

In early July 2015, Plaintiff was "involved in a confrontation with the Employee Relations Manager where my religious beliefs and values were discussed" (ECF 1-1 at 3).  Later in the month, Plaintiff "was suspended after being falsely accused of bringing an illegal substance into the workplace." (ECF 1-1 at 3.)  On August 12, 2015, Defendant discharged Plaintiff.

**B.  Legal Standard(s)**

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[3]  Because Plaintiff proceeds pro se, her pleadings are liberally construed.[4]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[5]

**C.  Analysis**

The undersigned recommends Plaintiff's case be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's Complaint states only labels and conclusions.  As to the July and August Openings, Plaintiff states she applied and then states the descriptions of the employees who were hired instead of her—a younger, white male (July Opening) and a younger, bi-racial female (August Opening).  These facts simply do not raise Plaintiff's right to relief above the speculative level.  As to the March Opening, Plaintiff appears to have received her desired result: working as an Operations Manager in Olathe, Kansas.

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

Therefore, it is hard to see how Defendant discriminated against her.[6] Plaintiff fails to support a claim of employment discrimination with respect to her race, gender, or age.[7]

Plaintiff gives even less facts in support of her claim of religious discrimination. Indeed, the only mention of religion is that she "was involved in a confrontation with the Employee Relations Manager where her religious beliefs and values were discussed." (ECF 1-1 at 3.) She supplies nothing more. Plaintiff fails to state a claim of religious discrimination because she does not allege that Defendant took an adverse employment action against her because of this confrontation.

Finally, Plaintiff fails to state a claim of defamation. The only statement remotely related to defamation appears in the request for relief section of her form complaint: She seeks "punitive monetary damages resulting from false criminal charges made by the defendant in July 2016." (ECF 1 at 5.) Plaintiff does not allege Defendant discussed her criminal charges with anyone other than Plaintiff, and thus Plaintiff fails to state a claim of defamation.[8]

## RECOMMENDATION

For the foregoing reasons the undersigned magistrate judge recommends that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court summarily dismiss this action without prejudice for failure to state a claim.

---

[6] To some extent, the fact that Defendant ultimately transferred her undercuts her other claims that Defendant discriminated against her on the basis of her race, age, and gender in July and August of 2014 by failing to hire her as an Operations Manager in Olathe.

[7] Importantly, Plaintiff does *not* allege Defendant discriminated against her based on her race, gender, age, or religion when it discharged her. The alleged discrimination only relates to Defendant's failure to hire her in a lateral position.

[8] Even if the Court found Plaintiff stated a viable claim of defamation (a state law claim), the Court could decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Currently, the Court has federal question jurisdiction because Plaintiff's employment discrimination claims invoke Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) and the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 *et seq.*). If the Court ultimately adopts the undersigned's recommendation that all employment discrimination claims should be dismissed, the Court could decline to exercise supplemental jurisdiction.

**IT IS SO ORDERED.**

Dated September 21, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
