IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGENIA F. SINGLETON,**

       **Plaintiff,**

v.

**CONVERGYS CORPORATION,**

       **Defendant.**

Case No. 16-CV-2614-DDC-GLR

## MEMORANDUM AND ORDER

### I.  Background

Plaintiff filed a Complaint alleging employment discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, against her employer, Convergys Corporation. Plaintiff is an African-American woman who began working for defendant on October 31, 2011, as a customer service representative.  At some point during her employment, plaintiff worked for defendant in Denver, Colorado.  Between July 2014 and March 2015, plaintiff applied for three operations manager positions at defendant's office in Olathe, Kansas.  After her first application in July 2014, defendant chose a white male for the position.  After her second application in August 2014, a younger, bi-racial female got the job.  In March 2015, plaintiff applied for the same job, got an interview, and got the job in Olathe.

In early July 2015, plaintiff was involved in a confrontation with the Employee Relations Manager where her "religious beliefs and values" were discussed.  Doc. 1-1 at 3.  Later in July, plaintiff was suspended after a false accusation that she brought an illegal substance to work.  On August 12, 2015, defendant fired plaintiff.

On September 7, 2016, plaintiff filed her Complaint alleging Title VII violations. Also, on September 7, 2016, plaintiff filed a Motion to for Leave to Proceed in Forma Pauperis (Doc. 3). Plaintiff asks the court to order defendant to pay lost wages, legal fees, and punitive damages. Doc. 1. Judge Rushfelt granted plaintiff's in forma pauperis motion under 28 U.S.C. § 1915(a)(1). *See* Doc. 5. In his September 21, 2016 Report and Recommendation (Doc. 5), Judge Rushfelt recommended dismissing the case for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).

## II.    Legal Standards

Federal Rule of Civil Procedure 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Rule 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Tenth Circuit requires objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As explained above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the

district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060.  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Because plaintiff brings this lawsuit pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of her advocate.  *Id.*  Also, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance.  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)

Rule 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint also must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.     Analysis**

Liberally construing plaintiff's complaint, the court agrees with Judge Rushfelt.  Plaintiff's Complaint states only labels and conclusions.  To prevail on a Title VII claim, "a plaintiff must show, through either direct or indirect evidence, that the discrimination complained of was intentional."  *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000).  To state a prima facie case for discrimination, plaintiff must establish that (1) she belonged to a protected class at the time of the alleged discrimination; (2) she applied for an available position for which she was qualified; and, (3) the alleged discrimination occurred under

circumstances that "give rise to an inference of unlawful discrimination." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013).

Plaintiff's Amended Objections to the Report and Recommendation (Doc. 8) address only her claims for age, sex, and race discrimination.[1]  These claims arose from the events between July 2014 and March 2015 when plaintiff applied for the operations manager positions in Olathe, Kansas.  But plaintiff fails to state a prima facie case for discrimination.  Plaintiff adequately pleads the first two elements of a prima facie case, but she does not plead the third.  She fails to allege any circumstances that could give rise to an inference of unlawful age, sex, or race discrimination because plaintiff received the job for which she applied in March 2015.

In her Amended Objections to Report and Recommendation, plaintiff contends that defendant only hired her for the operations manager role only because defendant learned that she had not succeeded on her application efforts and "the injustice in her not being placed."  Doc. 8 at 2.  Still, plaintiff was hired for the position.  Because she was hired, nothing in her Complaint or objections can give rise to any inference of unlawful discrimination.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Regenia F. Singleton's Amended Objections to Report and Recommendations (Doc. 8) is overruled.  The court adopts Judge Rushfelt's Report and Recommendation (Doc. 5) in its entirety, and dismisses this action.  Plaintiff's Motion to Appoint Counsel (Doc. 4) is denied as moot.

**IT IS SO ORDERED.**

---

[1] Plaintiff's Amended Objections to Report and Recommendation (Doc. 8) includes a claim for defamation.  But, the only facts remotely connected to a defamation claim appear in the "request for relief" section of her form complaint.  Doc. 1.  Plaintiff requests "punitive monetary damages resulting from false criminal charges made by the defendant in July 2016."  Doc. 1.  Plaintiff never alleges that these statements were made to anyone other than her.  So, plaintiff has not stated a claim for defamation.  *See, e.g., Woodmont Corp. v. Rockwood Center Partnership*, 811 F.Supp. 1478, 1480 (D. Kan. 1993) ("The elements of a defamation claim are: (1) false and defamatory words; (2) communication to a third party; (3) resulting harm to the reputation of the person defamed.")

5

**Dated this 2nd day of December, 2016, at Topeka, Kansas.**

                                                    **s/ Daniel D. Crabtree**
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**